**CONTINENTAL FINANCIAL RESOURCES, INC.,**
Debtor.

**CONTINENTAL FINANCIAL RESOURCES, INC.,**
Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION as Liquidating Agent of Southstate Bank for Savings,** Defendant.

**In re Bankruptcy No. 92–12263–JNF.
Adv. No. A92–1287.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 15, 1993.

Michael B. Feinman, Andover, MA, for debtor.

Marshall D. Stein, Boston, MA, for F.D.I.C.

## MEMORANDUM ON MOTION OF FEDERAL DEPOSIT INSURANCE CORPORATION TO DISMISS COMPLAINT

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court for determination is the Motion of the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver of Southstate Bank for Savings ("Southstate"), to Dismiss the Complaint of the Chapter 11 Debtor, Continental Financial Resources, Inc. ("CFR" or the "Debtor"). The Debtor, through its Complaint, seeks to invalidate as a preferential transfer under 11 U.S.C. § 547(b) a security interest in its assets granted to Southstate, and further seeks a determination that the security agreement is unenforceable as it is contrary to the parties' intent and understanding.

## II. FACTS

For the purpose of the motion to dismiss, the facts are undisputed. On September 25, 1987, the Debtor executed two promissory notes to Southstate, one for $109,449.29 and the other for $474,376.93. That same day, CFR signed two security agreements in which it granted Southstate "a continuing security interest" in, *inter alia*, leases to secure the payment of "all loans, advances, and extensions of credit from Southstate to the Debtor, including all obligations now or hereafter existing." On April 10, 1991, the Debtor executed an "Agreement for Cross–Collateralization of Obligations with Southstate."

CFR filed its voluntary Chapter 11 petition in this Court on March 6, 1992. Less than two months later, Southstate was declared insolvent by the Commissioner of Banking. The FDIC was made its Liquidating Agent/Receiver on April 24, 1992. On April 29, 1992, a Notice was published in the Boston Globe, Boston Herald and the Enterprise, informing creditors that they must file claims with the FDIC prior to July 28, 1992.

CFR filed its Amended Verified Complaint in the present action on June 29, 1992 and served it upon the FDIC shortly thereafter. In this adversary proceeding, the Debtor seeks to have the two security agreements executed on September 25, 1987, declared "void and of no legal consequence or effect" based upon alleged understandings between CFR and Southstate. Additionally, CFR asks that the cross-collateralization agreement be avoided as a preferential transfer under 11 U.S.C. § 547(b).

On June 24, 1992 CFR was notified in a letter from the FDIC that it must file any claims it had against Southstate with the FDIC "by 5:00 p.m. on July 28, 1992 or such claims would be barred under 12 U.S.C. § 1821(d)(5)." A proof of claim form was enclosed.

There is no question that the Debtor had notice of the FDIC claim deadline. However, it failed to file a proof of claim with the FDIC by July 28, 1992, or at any time thereafter. Notably, the FDIC filed a proof of claim in this Court in the Debtor's Chapter 11 case on November 2, 1992.

## III. DISCUSSION

In its motion to dismiss, the FDIC argues that the Debtor's failure to file a proof of claim with the FDIC prior to the deadline for filing claims against Southstate deprives this Court of jurisdiction over the Debtor's complaint pursuant to 12 U.S.C. § 1821(d)(13)(D)(i).[1]

The Debtor objects to dismissal, arguing that its failure to file a claim does not preclude this Court from exercising its jurisdiction. The Debtor asserts that it was not required to file a claim with the FDIC. It urges the Court to find that FIRREA requires only the filing of claims by creditors who have claims against the failed financial institution, not those who owe monies to the failed financial institution. The Debtor further contends that it presented its claim to the FDIC prior to the FIRREA deadline by initiating this adversary proceeding. Furthermore, the Debtor argues that by filing a proof of claim with this Court on November 2, 1992, the FDIC consented to the jurisdiction of the Court over the allowance or disallowance of the FDIC's claim against the Debtor. Both parties have filed Memoranda of Law, and Supplemental Memoranda, as requested by this Court.

There is a split of authority on the issue of whether a debtor's preference claim against a failed bank must first be submitted to the FDIC in accordance with the claims procedure set forth in FIRREA. Judge Kenner of this Court has ruled that the bankruptcy court lacks jurisdiction over

---

1. The Financial Institutions Reform, Recovery, and Enforcement Act (hereafter referred to as "FIRREA") provides in relevant part:

    Except as otherwise provided in this subsection, no court shall have jurisdiction over—
    (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver.
    12 U.S.C. § 1821(d)(13)(D)(i) (1979 & Supp. 1992).

a trustee's action to avoid a preferential transfer where the trustee did not file a FIRREA claim with the FDIC. *In re Yiakas*, slip op. No. A91–1491 (Bankr.D.Mass. July 7, 1992). At least one other court has also ruled that a debtor or trustee must exhaust FIRREA's administrative remedies before asserting a preference claim against the FDIC. *See In re Parker North American Corp.* 131 B.R. 452 (Bankr.C.D.Cal. 1991).

There is, however, contrary authority. The Bankruptcy Court for the District of Vermont has ruled on two occasions that a debtor's ability to challenge a lien asserted by the FDIC is not barred despite failure to file a FIRREA claim. *In re Purcell*, 141 B.R. 480 (Bankr.D.Vt.1992); *In re All Season's Kitchen, Inc.*, 145 B.R. 391 (Bankr. D.Vt.1992). In *Purcell* the court interpreted the language of § 1821 to mean that the claims procedure applies only to claims against the FDIC, and not to the FDIC's claims against the debtor:

> FIRREA "means a claim under an obligation owed by the failed institution, and not an obligation owed to it."

*Purcell, supra,* at 484. Based upon the inapplicability of the claims procedure to the Debtor's challenge of the FDIC's claim against the Debtor, the Court denied the motion to dismiss the Debtor's lien avoidance action. Reaffirming *Purcell*, the Vermont bankruptcy court in *All Season's Kitchen, supra,* specifically rejected the *Yiakas* decision as wrongly decided. It stated:

> The only authority expressly provided for in the administrative determination process is to "pay creditor claims." 12 U.S.C. § 1821(d)(10). No authority is provided to release FDIC's liens. Thus, it is reasonable to infer, especially in light of Congress' expressed intent to provide "clear guidelines," that, if Congress had intended to require those contesting FDIC's claims against them to submit to the administrative determination process, it would have (a) clearly stated that claims by FDIC were in fact subject to the process, (b) provided for notice to FDIC's debtors, and (c) granted FDIC specific authority to deal with challenges to its claims.

*In re All Season's Kitchen, supra,* at 401. (citations omitted). The court further distinguished *Yiakas:*

> "In any event, unlike in *Yiakas*, § 1821(d)(5)(D) does not grant FDIC authority to adjudicate the matter sub judice, because none of its provisions apply. It is not Debtor, but FDIC, which has a "claim of security." [FN12] Thus, FIRREA grants FDIC neither the authority to adjudicate issues of the type raised by Debtor nor the authority to resolve them after adjudication. Given these circumstances, we believe Bankruptcy Court jurisdiction should be exercised in this because Congress did not intend for such matters to be subject to the administrative claims determination process, and no adequate administrative remedy is available."

*Id.* at 401–02.

This Court need not express an opinion on the split of authority, however, as resolution of this issue as well as the issue of whether Debtor's Complaint can be considered a timely claim is unnecessary to decide this matter. The jurisdiction of this Court is grounded on the proof of claim that the FDIC filed in this Chapter 11 case.

The parameters of bankruptcy jurisdiction are set forth in 28 U.S.C. § 157(b)(1). It provides that: "[B]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ... and may enter appropriate orders and judgments, subject to review under 158 of this title." 28 U.S.C. § 157(b)(1). A nonexhaustive list of core proceedings is contained in § 157(b). That list includes: "allowance or disallowance of claims against the estate ...", 28 U.S.C. § 157(b)(2)(B), and "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C).

A creditor's filing of a proof of claim in a bankruptcy case is deemed consent to the jurisdiction of the bankruptcy court to adjudicate a challenge to the claim. *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1390 (2d Cir.1990); *In re Mercury Masonry Corp.*, 114 B.R. 35 (Bankr. S.D.N.Y.1990); *Matter of Metro Equip-*

*ment & Rental Corp.,* 28 B.R. 579 (Bankr. N.D.Ohio 1983). The power of the bankruptcy court to adjudicate a challenge to a creditor's claim based upon the creditor's receipt of a preference is well-established. In *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Supreme Court ruled that under the Bankruptcy Act of 1898 the bankruptcy court had jurisdiction to adjudicate a counterclaim to recover a preference from a creditor who had filed a proof of claim. *Id.* at 330–31, 86 S.Ct. at 473. Commenting that it made no difference whether the trustee objected to the creditor's claim or had sought affirmative relief, the court ruled that the bankruptcy court had the power to decree complete relief in response to the claim filed by the creditor. *Id.* at 333–34, 86 S.Ct. at 475.

The Supreme Court has reaffirmed the principle of *Katchen v. Landy* in the context of examining bankruptcy jurisdiction under the 1978 Bankruptcy Code. *In Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court held that creditors who did not have or did not file claims against a debtor's estate are entitled to a jury trial on the issue of whether the creditor received a fraudulent transfer. *Id.* at 58–9, 109 S.Ct. at 2799. The Court specifically noted that the defendants in the fraudulent transfer action had not filed claims against the bankruptcy estate, and, therefore, the avoidance action did not arise as part of the process of allowance and disallowance of claims. *Id.* at 58, 109 S.Ct. at 2799.

In *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court held that creditors who file proofs of claim bring themselves within the equitable jurisdiction of the bankruptcy court, and are not entitled to a jury trial when sued by a trustee to recover a preference. The Court explained that the filing of a proof of claim triggers the process of allowance and disallowance of claims. "If the creditor is met, in turn with a preference action, ... the action becomes part of the claims allowance process.... In other words, the creditor's claim and the ensuing preference action by the trustee become integral to restructuring the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." 498 U.S. at ——, 111 S.Ct. at 331.

## IV. CONCLUSION

■ By filing its proof of claim in this Chapter 11 case, the FDIC has submitted the validity and extent of its claim to this Court for determination. Pursuant to § 157(b)(2)(B) the bankruptcy court has jurisdiction to hear and determine the matter of allowance or disallowance of the claim. In addition, pursuant to § 157(b)(2)(C), the bankruptcy court has jurisdiction to hear and determine the counterclaim by the estate against the claimant, which this adversary proceeding presents. By filing its proof of claim in this Court, the FDIC has brought itself within the equitable jurisdiction of the bankruptcy court. *Langenkamp v. Culp, supra.* The FDIC has sought to avail itself of the Court's power to allow its claim and participate in any distribution to be received from the Debtor's reorganization. This Court is not deprived of jurisdiction over this counterclaim to the FDIC's proof of claim. Accordingly, the FDIC's Motion to Dismiss is denied.