In re TAMPOSI FAMILY INVESTMENT PROPERTIES, et al., Debtor.

Elizabeth M. TAMPOSI, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Hillsborough Bank & Trust, Defendant.

Stephen TAMPOSI, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Hillsborough Bank & Trust, Defendant.

Bankruptcy Nos. 91–12575 and 91–12493 to 91–12498. Adv. Nos. 92–1055, 92–56.

United States Bankruptcy Court, D. New Hampshire.

July 14, 1993.

**632**

Charles R. Dougherty, Hill & Barlow, P.C., Boston, MA, for Elizabeth M. Tamposi.

Anne Scheer, Gallagher, Callahan & Gartrell, Concord, NH, for FDIC as Rec. of Hillsborough Bank & Trust.

Geraldine Karonis, Manchester, NH, for UST.

### MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

The above captioned adversary proceedings came on for pretrial hearings before the Court on December 7, 1992 on virtually identical complaints to avoid defendant's attachments of debtors' assets as alleged preferential transfers. In response, the FDIC has moved to dismiss both adversary proceedings on the theory that 12 U.S.C. § 1821(d)(13)(D) operates as a categorical bar to this Court's subject matter jurisdiction. For the reasons explained below, the Court denies the FDIC's motions to dismiss. The following constitutes the court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

### I. THE FACTS

#### A. Stephen A. Tamposi v. FDIC

Debtor Stephen A. Tamposi filed for bankruptcy relief under chapter 11 on August 23, 1991. Approximately ninety days prior to the filing of his bankruptcy petition, the New Hampshire Superior Court, Hillsborough County, issued an order granting Hillsborough Bank and Trust's ("bank") request for a prejudgment attachment in the amount of $300,000 covering all of his real estate in Hillsborough and Belknap Counties, New Hampshire, as well as debtor's stock in certain corporations and other real and personal property interests. On or about May 27, 1992 the bank perfected its attachment pursuant to New Hampshire statutory law. Then on August 30, 1991 Hillsborough Bank and Trust was declared insolvent and the FDIC was appointed its receiver.

#### B. Elizabeth Tamposi v. FDIC

Debtor Elizabeth Tamposi also filed for bankruptcy relief under chapter 11 on August 23, 1991. Approximately ninety days prior to the filing of her bankruptcy petition, the New Hampshire Superior Court,

Hillsborough County, issued an order granting the bank's request for a prejudgment attachment in the amount of $275,000 covering all of her real estate located in Hillsborough and Grafton Counties, New Hampshire, as well as her stock in certain specified corporations and other real and personal property interests. On May 27, 1992 the bank perfected its attachment pursuant to New Hampshire statutory law. Then on or about August 30, 1991 the bank was declared insolvent and the FDIC was appointed its receiver.

## C. Common Allegations and Defenses

Both adversary complaints allege that the attachments are transfers within the meaning of the Bankruptcy Code. The complaints then go on to recite the statutory elements of a preference and conclude that the attachments are avoidable pursuant to 11 U.S.C. § 547(b).

In its answers, the FDIC posits the Financial Institutions Reform, Recovery, and Enforcement act of 1989 ("FIRREA"), specifically 12 U.S.C. § 1821(d)(13)(D), which the FDIC maintains operates as a complete statutory bar to this Court's subject matter jurisdiction to entertain these adversary complaints.

At the December 7, 1992 oral argument, counsel for the debtors argued that by filing proofs of claim in debtors' respective bankruptcy proceedings, the FDIC has created an independent basis for this court's subject matter jurisdiction. At the conclusion of the hearing, the FDIC motions to dismiss were taken under advisement and the parties were directed to brief the issue of whether the FDIC has brought itself within this Court's subject matter jurisdiction by filing proofs of claim in the debtors' respective bankruptcy proceedings.

## II. THE LAW

11 U.S.C. § 547(b) provides in relevant part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

12 U.S.C. § 1821(d)(13)(D) provides in relevant part:

(D) Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) Any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

28 U.S.C. § 1334. *Bankruptcy cases and proceedings.*

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have

original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

## III. DISCUSSION

### A. Supreme Court Cases

■ A debtor's adversary proceeding to determine, avoid, or recover an alleged preference is a core proceeding arising under title 11 and is therefore squarely within this Court's subject matter jurisdiction. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(b)(2)(F). Nonetheless, the FDIC insists that subsection 1821(d)(13)(D) operates to categorically divest this Court of its subject matter jurisdiction over these proceedings. Viewed myopically, subsection 1821(d)(13)(D) arguably appears to retract what this Court thought was its uncontestable subject matter jurisdiction over the debtors' proceedings. But the efficacy of that position is effectively refuted by a consistent string of Supreme Court decisions running from *Katchen v. Landy*, 382 U.S. 323, 335, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966), through *Granfinanciera v. Nordberg*, 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26 (1989) to *Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990), all of which support the debtors' contention that by filing a proof of claim in a bankruptcy proceeding, the creditor/claimant submits itself to the process of allowance and disallowance of claims which is at the heart of a bankruptcy court's subject matter jurisdiction. *Katchen*, 382 U.S. at 330, 86 S.Ct. at 473; *Granfinanciera*, 492 U.S. at 57–58, 109 S.Ct. at 2798; *Langenkamp*, 498 U.S. at 45, 111 S.Ct. at 331.

In *Katchen*, the issue was whether a bankruptcy court had "summary jurisdiction" to order the surrender of voidable preferences asserted and proved by the trustee in response to a claim filed by the creditor who had received the preferences.[1] The Supreme Court held that the bankruptcy court had summary jurisdiction and that the claimant had no Seventh Amendment jury trial right for the determination of the objection to his claim. *Katchen*, 382 U.S. at 325, 337, 86 S.Ct. at 470, 476. Significant for purposes of the present decision is the *Katchen* Court's statement that "[t]he whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a *res*, . . . and thus falls within the principle quoted above that bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property within their possession." *Katchen*, 382 U.S. at 329–330, 86 S.Ct. at 472–73 quoting *Gardner v. New Jersey*, 329 U.S. 565, 574, 67 S.Ct. 467, 472, 91 L.Ed. 504 (1947). In the present case, it is a fact that the *res* that the FDIC has attached is property of the bankruptcy estate over which this court has subject matter jurisdiction. 28 U.S.C. § 1334(d); 11 U.S.C. § 541.

■ The Court in *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), held that the Seventh Amendment entitled a creditor who had not filed a proof of claim to a jury trial notwithstanding Congress' designation of a fraudulent conveyance action as a core proceeding pursuant to 28 U.S.C. 157(b)(2)(H). *Granfinanciera*, 492 U.S. at 36, 109 S.Ct. at 2787. Notwithstanding the result, *Granfinanciera* reaffirmed the underlying principle of *Katchen* that bankruptcy courts have "actual or constructive possession of the bankruptcy estate." *Granfinanciera*, 492 U.S. at 57, 109 S.Ct. at 2798.[2]

---

**1.** "Summary jurisdiction" as the phrase was used in the *Katchen* decision refers to the jurisdictional terminology used in the prior Bankruptcy Act and means summary disposition of bankruptcy matters "to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period" as opposed to the "slower and more expensive processes of a plenary suit." *Katchen*, 382 U.S. at 328–29, 86 S.Ct. at 472.

**2.** Writing for the majority in *Granfinanciera*, Justice Brennan emphasized that "[w]e could not have made plainer that our holding in *Schoenthal* retained its vitality: "[A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in

■ In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court answered the question under the present Bankruptcy Code of whether a creditor who files a proof of claim against a bankruptcy estate and then is sued by the trustee to recover allegedly preferential transfers is entitled to a jury trial under the Seventh Amendment. The Court held that such a creditor does not have a Seventh Amendment jury trial right. *Langenkamp*, 498 U.S. at 44–45, 111 S.Ct. at 331. The Court's reasoning was once again premised on the principle that the filing of a proof of claim brings the claimant "within the equitable jurisdiction of the bankruptcy court." *Id.* at 45, 111 S.Ct. at 331. The Court reached its result by relying on *Granfinanciera*'s statement that the filing of a proof of claim triggers the process of allowance and disallowance of claims which thereby "subject[s] [the claimant] to the bankruptcy court's equitable jurisdiction." *Langenkamp*, 498 U.S. at 45, 111 S.Ct. at 331 (citing *Granfinanciera*, 492 U.S. at 58–59 and n. 14, 109 S.Ct. at 2798–99 and n. 14).

The only Supreme Court authority this court has been able to find that is even arguably contrary is the case of *Board of Governors of Federal Reserve System of the United States v. MCorp Financial*, ── U.S. ──, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). In *MCorp*, the Supreme Court analyzed the judicial review provisions of the Financial Institutions Supervisory Act of 1966 ("FISA"). FISA provides in relevant part as follows:

> [E]xcept as otherwise provided in this section no court shall have jurisdiction *to effect by injunction* or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order.

28 U.S.C. § 1818(i)(1) (emphasis added).

The *MCorp* plaintiff, a bank holding company, argued that a district court's injunc-

tion against the Federal Reserve System's Board of Governors' administrative enforcement action for an alleged violation of the Security and Exchange Commission's "source of strength" regulation was authorized by either the Code's automatic stay or by 28 U.S.C. § 1334(b) which grants bankruptcy courts concurrent jurisdiction over related civil proceedings. *MCorp*, ── U.S. at ──, 112 S.Ct. at 463. The Supreme Court reversed the Fifth Circuit, holding that the district court did not have jurisdiction to consider the merits of the bank holding company's challenge to the enforcement action. *MCorp*, ── U.S. at ──, 112 S.Ct. at 461.

*MCorp* does not compel a contrary result to the one the court reaches today for two reasons. First, on its face, the statute involved in *MCorp* was not a bar of federal court jurisdiction, but rather a limitation of remedies. *See, e.g.* 28 U.S.C. §§ 1341, 1342 (statutory bars preventing federal courts from *enjoining* collection of state law taxes or *enjoining* compliance with any order affecting rates chargeable by a public utility respectively). More importantly, the *MCorp* holding was bottomed on the Court's conclusion that allowing the Board of Governor's administrative enforcement action to go ahead "[seemed] unlikely to impair the bankruptcy court's exclusive jurisdiction over the property of the estate protected by 28 U.S.C. § 1334(d)." *MCorp*, ── U.S. at ──, 112 S.Ct. at 465. Thus the Supreme Court tacitly recognized an exception to the scope of section 1818(i)(1)'s purported statutory bar to a bankruptcy court's jurisdiction when the statutory bar would operate to impair the bankruptcy court's *in rem* jurisdiction. *Id.* In this case, allowing the FDIC to interpose subsection 1821(d)(13)(D) would not only vitiate the vitality of 28 U.S.C. § 1334(d), but would also substantially impair a bankruptcy court's ability to administer bankruptcy proceedings generally. *See All Season's Kitchen, Inc.*, 145 B.R. 391, 399–400 (Bankr.D.Vt.1992).

the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932), when the same issue arises as

part of the process of allowance and disallowance of claims, it is triable in equity." *Granfinanciera*, 492 U.S. at 58, 109 S.Ct. at 2799.

*Katchen, Granfinanciera,* and *Langenkamp* all state the same elementary rule of bankruptcy law: a creditor who files a proof of claim in a bankruptcy proceeding submits itself to the bankruptcy court's jurisdiction. *See also Travellers International AG v. Robinson,* 982 F.2d 96 (3d Cir.1992) (held, by filing a contingent proof of claim in the debtor's chapter 11 case, the creditor waived its Seventh Amendment right to a jury trial and constructively submitted itself to the Bankruptcy Court's equitable jurisdiction). *Katchen, Granfinanciera,* and *Langenkamp* all focus on the above stated rule of bankruptcy law, dispelling the pallor cast by the FDIC's position with respect to subsection 1821(d)(13)(D).

## B. Other Cases

The First Circuit considered and rejected the FDIC's 1821(d)(13)(D) argument in *Marquis et al. v. FDIC,* 965 F.2d 1148 (1st Cir.1992). There, the First Circuit addressed the issue of whether a federal court retains subject matter jurisdiction over suits pending against a financial institution prior to its failure and the appointment of the FDIC as its receiver. The court held that FIRREA does not require a federal court to automatically dismiss pending actions. 965 F.2d at 1150.

Although the present proceedings were not pending at the time of the FDIC's appointment, that fact is irrelevant under the logic of *Marquis.* The First Circuit stated that "[t]he jurisdictional bar of section (d)(13)(D) reaches all claims seeking payment from the assets of the affected institution; all suits seeking satisfaction from those assets; and all actions for the determination of rights vis-a-vis those assets." 965 F.2d at 1152.

The First Circuit's guidepost in *Marquis* can be stated simply: where is the subject asset? In *Marquis,* the various plaintiffs had asserted lender liability claims for money damages chargeable against the failed financial institutions' assets. 965 F.2d at 1150–51. Thus, the assets which would satisfy a plaintiff's judgment were in the control of the receivership estate.

The present adversary proceedings represent the opposite: the debtors are not seeking payment from the assets of the affected institution; rather, the FDIC is seeking payment from assets of the bankruptcy estate. Therefore, under the logic of *Marquis,* these proceedings are not barred by FIRREA section 1821(d)(13)(D) notwithstanding the fact they were not pending as of the date the FDIC was appointed receiver.

Five other recent decisions have addressed the issue before this Court: four have rejected the FDIC's position and upheld the bankruptcy court's jurisdiction. *In re Continental Financial Resources,* 149 B.R. 260 (Bankr.D.Ma.1993), *aff'd* 154 B.R. 385 (D.Ma.1993); *In re All Season's Kitchen,* 145 B.R. 391 (Bankr.D.Vt.1992); *In re Purcell,* 141 B.R. 480 (Bankr.D.Vt. 1992), *aff'd,* 150 B.R. 111 (D.Vt.1993); *In re Parker North American,* 148 B.R. 925 (C.D.Ca.1992); *contra In re Yiakas,* No. 91–12575–CJK, slip op. (Bankr.D.Ma. July 17, 1992).

Of the five decisions, only one, *In re Yiakas,* is factually and procedurally the same as the present action. The *Yiakas* court dismissed the trustee's preference action, holding that such action against an attachment is an action seeking a determination of rights with respect to the assets of a depository institution for which the FDIC has been appointed receiver. *In re Yiakas,* No. 91–12575–CJK (Bankr.D.MA. July 17, 1992).

*Yiakas* necessarily held that an attachment is an asset of the receivership estate. That may be, but it is a provisional remedy which ultimately must attach to some "thing." A distinction must be drawn between the provisional asset, the attachment, and the real asset. The real asset, the thing, or *res,* which underlies the attachment in this case is an asset of the bankruptcy estate. Following the logic of *Marquis,* this Court chooses a practical, harmonizing reading over *Yiakas'* literal reading of subsection 1821(d)(13)(D) that ignores the two different meanings that "asset" may have in the relevant statutory contexts. Paying attention to that ambigu-

ity is necessary in my view to effectuating the presumed legislative intent in the context of *both* the FDIC and bankruptcy statutes. *See also In re All Season's Kitchen, Inc.*, 145 B.R. 391, 400–401 (Bankr.D.Vt. 1992) ("We believe that the analysis of *Yiakas* is wrong, that its result probably is, and that in any event it is distinguishable from the case *sub judice.*").

Like the present case, *Continental Financial Resources*, 149 B.R. 260 (Bankr. D.Ma.1993), involved a procedural backdrop of an FDIC subsection 1821(d)(13)(D) motion to dismiss a chapter 11 debtor's 547(b) preference attack as untimely. *Id.* at 260. Also like the present the case, the debtor failed to file a claim with the FDIC as receiver of the failed lending institution, but the FDIC did file a proof of claim in the debtor's bankruptcy proceeding. *Id.* at 261. After noting the split between *In re Yiakas* on the one hand and *Purcell* and *All Season's Kitchen* on the other, Judge Feeney upheld her jurisdiction over the preference action in *Continental* on the basis that by filing a proof of claim, "[ ] the FDIC has submitted the validity and extent of its claim to this Court for determination ... By filing its proof of claim in this Court, the FDIC has brought itself within the equitable jurisdiction of the bankruptcy court." *Id.* at 263.

Judge Conrad's tandem decisions of *In re All Season's Kitchen Inc.*, 145 B.R. 391 (Bankr.D.Vt.1992) and *In re Purcell*, 141 B.R. 480 (Bankr.D.Vt.1992) reach the same result as *Continental* through a different analysis. The crux of Judge Conrad's searching analysis begun in *Purcell* and more fully explained by *All–Season's Kitchen* rests on a simple distinction: only those making a claim *against assets of the receivership estate* need comply with FIRREA's administrative claims procedure requirements; conversely, where the receivership estate is the creditor making a claim *against assets in the actual or constructive possession of the bankruptcy estate,* then the FIRREA administrative claims procedure is not implicated. *All–Season's Kitchen*, 145 B.R. at 394–397. This principled distinction is persuasive and provides

an alternative basis for rejecting the FDIC's 12 U.S.C. § 1821(d)(13)(D) statutory bar defense.

■ Somewhat akin to the *All Season's Kitchen—Purcell* rationale is the even more fundamental principle of bankruptcy law that bankruptcy courts have primary, core, *in rem* subject matter jurisdiction over assets actually or constructively in possession of a debtor's bankruptcy estate. 28 U.S.C. § 1334(d); *see also In re Pan American Corporation*, 138 B.R. 382, 385 (Bankr.S.D.N.Y.1992) (where the debtor-in-possession had initiated a preference action to recover funds deposited into the court registry in lieu of a supersedeas bond, the "jurisdiction of the bankruptcy court over property of the estate is beyond peradventure" and although the court lacked *in personam* jurisdiction, it had *in rem* jurisdiction over the res).

Furthermore, recognizing a bankruptcy court's core *in rem* equity subject matter jurisdiction over assets actually or constructively in possession of a debtor's bankruptcy estate does not denigrate the legislative policy underlying subsection 1821(d)(13)(D). FIRREA's administrative claims procedure requirements were enacted so the receiver could have prompt notice of all parties making claims against assets of the receivership estate. That policy and rule remains intact under today's holding. But what this decision also recognizes is that FIRREA's policy is not served and need not be served where, as here, the contested assets are not part of the receivership estate but are assets of the bankruptcy estate subject to the bankruptcy court's *in rem* jurisdiction.

Lastly, the Court notes that the district court's decision in *In re Parker North American*, 148 B.R. 925 (C.D.Ca.1992), which reversed the bankruptcy court's *sua sponte* dismissal of a debtor's preference action brought in effect as a counterclaim to an affirmative claim against the debtor, provides an alternative basis for denying the FDIC's motion to dismiss. *Parker North American* involved slightly different facts in that the Resolution Trust Corporation ("RTC") was pursuing a recovery

action against the debtor based on the same transaction or occurrences which formed the basis of the debtor's preference action. The court held that an independent basis for bankruptcy court jurisdiction existed pursuant to 11 U.S.C § 106(a) when a governmental agency files an adversary proceeding for affirmative relief against a debtor. *Id.* at 929. The Court then held that since it had an independent jurisdictional basis, exhaustion of FIRREA's administrative procedures was no longer a requirement.

For all the foregoing reasons, the FDIC's motions to dismiss these adversary proceedings will be denied by orders entered separately.