FEDERAL DEPOSIT INSURANCE COR-
    PORATION, as Statutory Successor to
    Resolution Trust Corporation, as Re-
    ceiver of Home Owners Savings Bank,
    F.S.B., and Reliant Group, Ltd., Plain-
    tiffs, Appellees,

v.

Roger K. KANE, Individually and as
    Trustee of Northern Spy Realty Trust
    and of Roger K. Kane, Jr., Real Estate
    Trust, and Northern Spy Country Club,
    Inc., Defendants, Appellants.

No. 97–2358.

United States Court of Appeals,
First Circuit.

Heard April 10, 1998.

Decided July 13, 1998.

Isaac H. Peres, with whom Law Office of Isaac H. Peres, P.C., was on brief, for appellants.

Lawrence H. Richmond, Counsel, Federal Deposit Insurance Corporation, with whom Ann S. DuRoss, Assistant General Counsel, Federal Deposit Insurance Corporation, Colleen J. Boles, Senior Counsel, Federal Deposit Insurance Corporation, Kenneth R. Berman and Sherin and Lodgen were on brief, for appellees.

Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.

TORRUELLA, Chief Judge.

The Resolution Trust Corporation ("RTC"), the receiver of a failed bank, filed this action to recover under a promissory note which was executed and delivered by defendant Roger K. Kane, Jr., ("Kane") as trustee of Northern Spy Realty Trust, to the bank. The other defendants in this case guaranteed payment on the note. Kane counterclaimed against the RTC, seeking reliance damages under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The Federal Deposit Insurance Corporation ("FDIC"), as the statutory successor to the RTC in this action, moved for partial summary judgment as to the counterclaim.

In a memorandum and order, the district court dismissed Kane's counterclaim for lack of subject matter jurisdiction because he had failed to exhaust his administrative remedies under FIRREA. The Reliant Group, Ltd. ("Reliant"), to whom the FDIC had assigned the promissory note during the course of the litigation, then moved for entry of judgment, and the district court entered judgment against Kane in the amount of $4,261,370.65 plus interest and attorney's fees. Finding that Kane's claim for damages is barred by his failure to participate in the administrative claims review process mandated by FIR-

REA, we affirm the district court's order and judgment.

## I. BACKGROUND

The following facts are essentially undisputed. In 1989, Kane, as trustee of Northern Spy Realty Trust, obtained a $3.8 million loan from Home Owners Savings Bank F.S.B. (the "Bank") to finance the construction of a golf course and clubhouse in Townsend, Massachusetts. The other defendants in this action, Kane, individually, and two entities he controlled, Roger K. Kane, Jr. Real Estate Trust and Northern Spy Country Club, Inc., guaranteed the loan.[1] The loan agreement provided that Kane would submit specific construction requisitions to draw down on the loan. Upon the Bank's approval of these requisitions, it would advance loan proceeds, up to the maximum amount authorized. Under this arrangement, the Bank advanced approximately $2.4 million.

On April 27, 1990, the RTC was appointed conservator of the Bank. As of that date, there was an outstanding construction requisition in the amount of $61,650, against which the Bank had advanced $37,800. Neither the Bank nor the RTC completed the funding of this requisition. After the RTC became conservator, Kane did not submit any further requisitions, and the RTC did not make any further advances under the loan. After May 1990, Kane did not make any payment of interest due under the promissory notes.

On September 7, 1990, the RTC was appointed receiver of the Bank. It published notice of the administrative claims review process and established December 11, 1990, as the "bar date" for the filing of claims against the Bank or the RTC as receiver.

On August 19, 1994, the RTC filed this action to recover under the promissory note and guaranties. The mortgaged real estate was subsequently sold and the proceeds turned over to the RTC, but a deficiency remains. Kane counterclaimed against the RTC, seeking damages under FIRREA for the RTC's alleged repudiation of the loan agreement. Both Kane and the FDIC, the

---

1. Hereinafter, "Kane" will denote all defendants in this action.

statutory successor to the RTC in this action, moved for summary judgment on the counterclaim. The FDIC asserted, *inter alia*, that the district court lacked subject matter jurisdiction because Kane had failed to submit his claim to the RTC for administrative consideration within the statutory period prescribed by FIRREA. On this basis, the district court granted summary judgment in favor of the FDIC.

Subsequently, the district court entered judgment against Kane in favor of the assignee of the promissory note, Reliant, in the amount of $4,261,370.65 plus interest and attorney's fees. Kane appeals. The only issue raised by appellant is whether his failure to exhaust his administrative remedies under FIRREA bars his counterclaim for damages.

## II. DISCUSSION

■ We review *de novo* a district court's grant of summary judgment. *See Bethlehem Steel Export Corp. v. Redondo Constr. Corp.*, 140 F.3d 319, 320 (1st Cir.1998).

■ Under FIRREA, persons having claims against the assets of a failed financial institution are subject to the administrative claims review process prescribed by 12 U.S.C. § 1821(d). Under § 1821(d)(3)(B) and (C), the FDIC (or RTC), as receiver of the bank, must publish and mail notice of liquidation to any persons appearing as creditors on the institution's books and allow at least ninety days for filing of claims. *See* 12 U.S.C. § 1821(d)(3)(B), (C). Claimants must submit any administrative claims to the receiver by the date specified in the published notice, which we will refer to as the bar date. *See* 12 U.S.C. § 1821(d)(3)(B)(i) (late-submitted claims "shall be disallowed and such disallowance shall be final").

■ "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions...." *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir.1992). The failure to participate in the administrative process constitutes a failure to exhaust one's administrative remedies, and thus, is a bar to judicial review. *See id.*; *see also*

*Heno v. FDIC*, 20 F.3d 1204, 1207 (1st Cir. 1994). However, in certain limited circumstances, claims submitted after the bar date are not subject to this jurisdictional bar. Late-submitted claims are not automatically denied under § 1821(d)(5)(C)(i), if two conditions are satisfied:

> [F]irst, 'the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date,' and second, the claim is filed 'in time to permit payment of such claim.'

*Reliant Group, Ltd. v. Kane*, No. 94–11681, slip op. at 5 (D. Mass. April 21, 1997) (citing 12 U.S.C. § 1821(d)(5)(C)(ii)(I), (II)). This court has recognized that the FDIC's interpretation of this statutory exception "permit[s] late filing even by claimants who were on notice of FDIC's appointment but could not file their claim because it did not come into existence until after the bar date...." *Heno*, 20 F.3d at 1209.

The receiver established December 11, 1990, as the relevant bar date. It is undisputed that Kane did not file an administrative claim prior to the bar date. However, Kane avers that his claim for damages as a result of the RTC's alleged repudiation of the loan agreement did not accrue before December 11, 1990. He argues that he falls within the exception for late-submitted claims because his claim arose after that date. Specifically, Kane asserts that the RTC constructively repudiated the loan agreement after the bar date by failing to make any further advances to him under the loan, and by not affirmatively giving him adequate assurances of its performance. Having repudiated the loan, the RTC should have then discovered that Kane was a potential claimant, and in accordance with its internal procedures, should have provided Kane with notice of his opportunity to present his claim through the administrative process. Since the RTC never provided such notice, Kane contends that he was not required to submit his claim for administrative consideration prior to his counterclaim in this suit.

We hold that Kane's claim accrued prior to the bar date. Thus, his failure to submit such a claim to the administrative claims review process precludes judicial review. "It

is generally stated that a claim 'first accrues' when all the events have occurred which fix the alleged liability of the defendant and entitle the plaintiff to institute an action ... *and* the plaintiff was or should have been aware of their existence." *See Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed.Cir.1988).

According to Kane's own counterclaim, he incurred damages when the RTC failed to lend him any additional money under the loan agreement, which in turn, left him unable to complete the golf course. As of April 27, 1990, the date the RTC was appointed conservator of the Bank, the Bank had advanced only $37,800 on a construction requisition in the amount of $61,650. Kane acknowledges that neither the Bank nor the RTC completed funding this outstanding requisition, and that he did not submit any other requisitions after this date. As a result, Kane failed to meet an August 1990 opening date for the golf course. In deposition testimony, Roger Kane himself conceded that the Bank's breach of the loan agreement occurred prior to May 9, 1990. In response to repeated questions whether the Bank was in breach prior to that date, he responded "yes" or "absolutely yes." Accordingly, we find that the event fixing the defendant's alleged liability, i.e., the RTC's failure to honor Kane's construction requisition, occurred on or shortly after the RTC's appointment as conservator.

Nothing in the record suggests that the RTC's appointment as receiver in early September 1990 extinguished this cause of action. For instance, the receiver neither continued funding under the loan agreement nor promised Kane that it would do so. Thus, Kane's claim was subject to FIRREA's administrative claims procedure. He was aware of his claim before the Bank entered receivership, and knew that he had at least three months from the time of the RTC's appointment as receiver to assert it for administrative consideration.[2] Kane's failure to exhaust his administrative remedies bars this action.

Having determined that Kane's claim accrued prior to the bar date, we need not address whether the RTC constructively repudiated the loan agreement after that date.

### III. CONCLUSION

For the foregoing reasons, we ***affirm*** the district court's disposition of this action.

---

**2.** Kane does not allege that he lacked notice of either the RTC's appointment as receiver or of the upcoming December 11, 1990 bar date. Indeed, Kane never contested the plaintiff's statement of undisputed fact that "Kane knew of RTC's status as receiver of Home Owners," and thus, for purposes of the summary judgment motion, this fact is deemed to be admitted by Kane. *See* D. Mass. Local R. 56.1.