In re GEORGE E. BUMPUS, JR.
CONSTRUCTION COMPANY,
INC., Debtor.

Paul G. BOYLAN and S. Elaine McChesney, Plaintiffs/Appellants,

v.

GEORGE E. BUMPUS, JR. CONSTRUCTION CO., INC., George E. Bumpus, Karen Bumpus, Old Stone Realty, National Credit Union Administration, As Liquidating Agent of Blue Hill Federal Credit Union, and Blue Hill Federal Credit Union, Defendants/Appellees.

BAP Nos. MB 98–011, MB 98–012.

United States Bankruptcy Appellate Panel of the First Circuit.

Nov. 13, 1998.

Paul G. Boylan and S. Elaine McChesney, Westwood, MA, for the appellants.

Harvey Weiner, R. Alan Fryar and Peabody & Arnold, Boston, MA, for National Credit Union Administration.

Before GOODMAN, HAINES, and CARLO, Bankruptcy Judges.

PER CURIAM.

Plaintiffs Paul Boylan and S. Elaine McChesney appeal the bankruptcy court's entry of summary judgment against them on their claims against the National Credit Union Administration (NCUA). For the reasons set forth below, we dismiss the appeal for lack of appellate jurisdiction.

### Background

Boylan and McChesney filed a twelve-count complaint against Chapter 7 debtor, George E. Bumpus, Jr., Construction Company, Inc. ("BCC"); its principal, George E. Bumpus, Jr. ("Bumpus"); Bumpus's wife,

Karen Bumpus; Old Stone Realty; Blue Hill Federal Credit Union ("Blue Hill"); and NCUA. Their complaint alleged, *inter alia,* that Blue Hill had breached agreements with them, had converted their funds, had breached a construction deposit agreement and a home construction mortgage commitment, had breached covenants of good faith and fair dealing, had breached fiduciary duties owed them, had tortiously misrepresented facts to them, and had wrongfully interfered with plaintiffs' advantageous relations with third parties. The complaint included counts lodged directly against the NCUA, which became conservator and liquidator of Blue Hill, on account of actions taken by its agents in the course of its supervision of Blue Hill's demise.[1]

BCC's bankruptcy commenced in 1990. The plaintiffs filed their adversary complaint on April 17, 1992. They served a document request on NCUA and Blue Hill in early June. After obtaining an initial, two-week extension of the time within which to answer the complaint, NCUA and Blue Hill moved for and obtained a ninety-day stay of the litigation. Some months later, but without having filed answers or engaging in thorough

discovery, NCUA and Blue Hill moved for summary judgment.[2] Plaintiffs interposed an objection, a motion to compel outstanding discovery, and a Rule 56(f) plea entreating the court to refrain from entertaining the summary judgment motion until at least some discovery could be taken.[3]

The bankruptcy court rejected the credit union defendants' assertion that it lacked jurisdiction to adjudicate plaintiffs' claims against them on account of plaintiffs' failure to exhaust administrative remedies,[4] but determined that the summary judgment record revealed no material factual disputes that could be resolved to support judgment for the plaintiffs on any of their claims against NCUA and Blue Hill. It determined that plaintiffs' claims against NCUA were barred by the Federal Tort Claims Act. Accordingly, by order dated April 14, 1993, it entered summary judgment against the plaintiffs on all their claims against the credit union defendants. This appeal ensued.[5]

## Discussion

### Jurisdiction

■ Before addressing the merits of the appeal, we are "duty-bound" to determine

---

1. NCUA defended the claims against Blue Hill. *See* 12 U.S.C. § 1787. We will refer to Blue Hill and the NCUA collectively from time to time as the "credit union defendants." The complaint's factual allegations are complex. Given our disposition of the appeal, we decline to set them out at length.

2. After filing the summary judgment motion, but before plaintiffs had responded to it, NCUA and Blue Hill produced a limited number of documents (far fewer than plaintiffs sought to examine).

3. Plaintiffs also moved to strike portions of the affidavit proffered by NCUA in support of its motion.

4. The court exercised subject matter jurisdiction over the claims against the credit union defendants, notwithstanding serious questions about exhaustion of remedies, because it concluded that the NCUA had waived objections to jurisdiction by filing a proof of claim in BCC's bankruptcy case. (R.App. at 291.) In so doing, it relied on *Continental Financial Resources, Inc., v. Federal Deposit Insurance Corp. (In re Continental Financial Resources, Inc.),* 149 B.R. 260 (Bankr. D.Mass.1993). *Continental* held that by filing a proof of claim in the bankruptcy court the FDIC submitted to the equitable jurisdiction of the

bankruptcy court, waiving its "exhaustion of remedies defense." *Id.* at 262–63

The statute governing the NCUA claims process is in substance identical to that governing claims against the FDIC. *Compare* 12 U.S.C. § 1787(b) *with* 12 U.S.C. § 1821(d). We note that at least one court has questioned *Continental's* holding. *See Scott v. Resolution Trust Corp. (In re Scott),* 157 B.R. 297, 319 n. 17 (Bankr. W.D.Tex.1993), *opinion withdrawn* 162 B.R. 1004 (Bankr.W.D.Tex.1994). In light of circuit law recognizing that failure to exhaust administrative remedies is fatal to a district court's subject matter jurisdiction over claims against the FDIC, *see, e.g., Federal Deposit Ins. Corp. v. Kane,* 148 F.3d 36, 38–39 (1st Cir.1998), we question whether *Continental* might properly be extended to cover the administrative agency's waiver of exhaustion requirements applicable to claims of non-debtor-third parties. Our disposition of this appeal renders it unnecessary for us to address this concern today.

5. Filed before the Bankruptcy Appellate Panel was re-established on July 1, 1996, the appeal proceeded to the United States District Court for the District of Massachusetts. By agreement of the parties it was transferred to the BAP by order of the District Court in January 1998.

our jurisdiction. *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998)(citing cases).

The bankruptcy court's summary judgment order disposed of fewer than all of the claims in the litigation and affected fewer than all parties to the adversary proceeding. It appears on a one-page form entitled "Proceeding Memo/Order of Court." (R.App. at 305.) The bare bones document merely indicates that the motion for summary judgment is "Granted." (*Id.*) It does not identify the affected parties or claims with precision and, further, does not provide for entry of judgment.[6] This treatment is problematic for our exercise of appellate jurisdiction. Here is why:

Federal Rule of Bankruptcy Procedure 7054 provides that "Rule 54(a)-(c) FR Civ P applies in adversary proceedings." Fed. R.Bankr.P. 7054. Federal Rule of Civil Procedure 54(b) provides:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

Fed.R.Civ.P. 54(b)(emphasis added).

Thus, in the absence of the bankruptcy court's direction for entry of judgment (together with the requisite Rule 54(b)determination) we are faced with the parties' request that we review a non-final order that remains subject to change while the adversary proceeding pends in the bankruptcy court.[7]

 We do have discretion to entertain appeals of non-final orders, and may do so even where the parties have failed to file a motion for leave to appeal. *See In re Bank of New England*, 218 B.R. at 646, 652. The avenues that permit such review (*e.g.*, the collateral order doctrine, discretionary review under 28 U.S.C. § ·158(a)(3)) do not come into play here. The order from which the appeal is taken is plainly not a collateral order. *Id.*, 218 B.R. at 648–51. Although, when they filed their notice of appeal, the appellants asserted that early, interlocutory review was essential to fair and efficient treatment of the litigation below, their cry rings hollow now—after five years of silence in the face of protracted delay. We are loathe to exercise our discretion to consider the appeal where, as here, it arises from an order entered in a multiple-party, multiple-claim adversary proceeding and, without Rule 54(b) certification, remains subject to change in the lower court. *See* 10 Charles Allen Wright et al., *Federal Practice and Procedure* §§ 2658–2658.4, at 82–105 (West 1998); *In re Bank of New England*, 218 B.R. at 652–54.[8]

Accordingly, this appeal is DISMISSED.

---

6. A copy of the court's order appears as Appendix A to this opinion.

7. Appellants' Notice of Appeal incorporated a "Request for Leave to File Interlocutory Appeal."

8. As an aside, we note that Rule 54(b) certifications may themselves be challenged. Our court of appeals will inquire into the propriety of a questionable Rule 54(b) certification and, when appropriate, dismiss an appeal that rests on an improvident certification. *See Credit Francais Int'l, S.A. v. Bio–Vita, Ltd.*, 78 F.3d 698, 707–10 (1st Cir.1996); *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 485–88 (1st Cir.1993). *But see Clair Int'l, Inc., v. Mercedes–Benz of North America,*

*Inc.,* 124 F.3d 314, 318–19 (1st Cir.1997) (order was functional equivalent of order denying injunctive relief and, although not reviewable consistent with 28 U.S.C. § 1292(a)(1), review of the order was in the interest of justice because of "the problematic nature of the Rule 54(b) certification and the time which [had] passed since its entry"). The impropriety of a certification does not *necessarily* mandate dismissal of the appeal. For example, if the order before the appellate tribunal qualifies for review under some other jurisdictional standard the appeal can be entertained. The order before us, although stale, is run of the mill.