SELYA, Circuit Judge.
 

 In this ease, the bankruptcy court entered a summary judgment sustaining the trustee’s objection to the debtors’ discharge. The district court affirmed. Because we find that the courts below grasped for the blossom though only the bud was ready, we vacate the judgment.
 

 I.
 

 Background
 

 Appellants Peter and Mildred Varrasso, husband and wife (collectively, the debtors), participated in several speculative real estate ventures. Like many others similarly situated, they encountered financial distress when the real estate boom sputtered and fizzled. Sporting over $5,000,000 in debt without assets to match, they filed a voluntary Chapter 11 bankruptcy petition on October 1, 1991. When it became apparent three months later that reorganization was unattainable, their case was converted to a straight bankruptcy under Chapter 7. Appellee John O. Desmond accepted an appointment as the trustee.
 

 Matters did not proceed smoothly. In the schedules annexed to their bankruptcy petition, the debtors listed $650 in assets,
 
 viz.,
 
 $150 in a bank account and $500 worth of apparel. Their papers specifically disclaimed any other money, household goods, or furnishings. Yet, at a meeting of the creditors’ committee on March 9, 1992, questioning revealed that the debtors had not listed either a second bank account (having a balance of $100) or home furnishings (having a value of more than $2,000).
 

 Displeased with these inaccuracies, the trustee filed a complaint in which he sought to block the debtors’ discharge. In his complaint, he alleged that the debtors knowingly and fraudulently made false statements in violation of 11 U.S.C. § 727(a)(4)(A) (a statute providing,
 
 inter alia,
 
 that the bankruptcy court may withhold a discharge if it determines that “the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account”).
 

 In due course, the trustee moved for summary judgment under Bankruptcy Rule 7056. He filed a supporting affidavit in which he narrated the events described above, and pointed out the obvious: that the debtors had stated their assets differently in their original filings and in their subsequent admissions. The debtors opposed the motion and proffered an affidavit in which their attorney swore to little more than that full disclosure had been made to the creditors’ committee at the earliest possible opportunity. In an accompanying memorandum, the debtors argued that they “ha[d] no intent to hinder, delay or defraud creditors.”
 

 On this sparse record, the bankruptcy court granted summary judgment in the trustee’s favor, ruling that “[t]he debtors’ failure to list accurately their assets violate^ § 727(a)(4)(A).”
 
 In re Varrasso,
 
 No. A92-1281, slip op. at 2 (Bankr.D.Mass. Nov. 19,1992). Consequently, the court sustained the trustee’s complaint and refused to issue a discharge.
 

 When the debtors appealed, the district court affirmed the entry of summary judgment. The court hypothesized that whether the debtors had violated section 727(a)(4)(A) “is a question of fact that has been decided adversely to [them] by the bankruptcy judge,” and that the judge’s finding was not “clearly erroneous.”
 
 In re Varrasso,
 
 No. 92-13077, slip op. at 4 (D.Mass. Apr. 14, 1994). The debtors retained new counsel and sought further appellate review.
 

 II.
 

 Analysis
 

 A.
 

 Legal Principles
 

 In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056. By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure.
 
 See
 
 Bankr.R. 7056;
 
 see also In re Colonial Discount Corp.,
 
 807 F.2d
 
 *763
 
 594, 597 (7th Cir.1986),
 
 cert. denied,
 
 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 526 (1987). The jurisprudence of Rule 56 teaches that we must review orders granting summary judgment
 
 de novo. See Maldonado-Denis v. Castillo-Rodriguez,
 
 23 F.3d 576, 581 (1st Cir.1994);
 
 Garside v. Oseo Drug, Inc.,
 
 895 F.2d 46, 48 (1st Cir.1990). This standard of review is not diluted when, as now, the underlying proceeding originates in the bankruptcy court.
 
 See In re Fussell,
 
 928 F.2d 712, 715 (5th Cir.1991),
 
 cert. denied,
 
 — U.S. -, 112 S.Ct. 1203, 117 L.Ed.2d 443 (1992);
 
 In re Contractors Equip. Supply Co.,
 
 861 F.2d 241, 243 (9th Cir.1988);
 
 In re Mullet,
 
 817 F.2d 677, 678-79 (10th Cir.1987);
 
 In re Martin,
 
 761 F.2d 1163, 1166 (6th Cir.1985);
 
 see also In re G.S.F. Corp.,
 
 938 F.2d 1467, 1474 (1st Cir.1991) (explaining that in connection with “appeals from the decision of a district court on appeal from the bankruptcy court, the court of appeals independently reviews the bankruptcy court’s decision, applying ... de novo review to conclusions of law”).
 

 It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the mov-ant has successfully demonstrated an entitlement to judgment as a matter of law.
 
 See
 
 Fed.R.Civ.P. 56(e). As to issues on which the movant, at trial, would be obliged to carry the burden of proof, he initially must proffer materials of evidentiary or quasi-evi-dentiary quality — say, affidavits or depositions — that support his position.
 
 [1]
 

 See Lopez v. Corporacion Azucarera de Puerto Rico,
 
 938 F.2d 1510, 1517 (1st Cir.1991);
 
 Bias v. Advantage Int’l, Inc.,
 
 905 F.2d 1558, 1560-61 (D.C.Cir.),
 
 cert. denied,
 
 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990);
 
 cf. Mendez v. Banco Popular de Puerto Rico,
 
 900 F.2d 4, 7 (1st Cir.1990) (“The mere fact that plaintiff failed to file a timely opposition does not mean that defendant’s Rule 56 motion should be granted”). When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant.
 
 See, e.g., Morris v. Government Dev. Bank,
 
 27 F.3d 746, 748 (1st Cir.1994);
 
 Garside,
 
 895 F.2d at 48;
 
 Greenburg v. Puerto Rico Maritime Shipping Auth.,
 
 835 F.2d 932, 934 (1st Cir.1987). This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record.
 
 See Blanchard v. Peerless Ins. Co.,
 
 958 F.2d 483, 488 (1st Cir.1992) (warning that summary judgment is precluded “unless no reasonable trier of fact could draw any other inference from the ‘totality of the circumstances’ revealed by the undisputed evidence”).
 

 B.
 

 Applying the Law
 

 In this case, the district court applied the wrong standard of review. The court refrained from drawing reasonable inferences in the debtors’ favor. To the contrary, it ruled that the bankruptcy court’s “findings” had to be upheld because they were not “clearly erroneous.”
 
 [2]
 
 Thus, the district court’s approach missed the mark.
 

 Having uncovered this error, we could now remand to the district court for reconsideration under a more appropriate standard of review. But doing so would serve no useful purpose. The validity
 
 vel non
 
 of a summary judgment entails a pure question of law and, therefore, we are fully equipped to resolve the question as a matter of first-instance appellate review. We choose to follow this path.
 

 Insofar as the summary judgment record reflects, the underlying facts are undisputed; the debtors misstated their assets
 
 *764
 
 when compiling their bankruptcy petition and soon thereafter corrected their representations. Nonetheless, more is exigible; the absence of a dispute over material facts is a necessary condition for granting summary judgment, but it is not a sufficient condition. The moving party must also show that he is entitled to judgment as a matter of law.
 
 See
 
 Fed.R.Civ.P. 56(c);
 
 see also Lopez,
 
 938 F.2d at 1517. Undisputed facts do not always point unerringly to a single, inevitable conclusion. And when facts, though undisputed, are capable of supporting conflicting yet plausible inferences — inferences that are capable of leading a rational factfinder to different outcomes in a litigated matter depending on which of them the factfinder draws— then the choice between those inferences is not for the court on summary judgment.
 
 See Azrielli v. Cohen Law Offices,
 
 21 F.3d 512, 517 (2d Cir.1994) (stating that “all choices between available inferences are matters to be left for a jury, not matters to be decided by the court on summary judgment”);
 
 Greenburg,
 
 835 F.2d at 934 (similar);
 
 Cameron v. Frances Slocum Bank & Trust Co.,
 
 824 F.2d 570, 575 (7th Cir.1987) (similar). So it is here.
 

 In order to deny a debtor’s discharge under section 727(a)(4)(A), the trustee must show that the debtor “knowingly and fraudulently” misstated a material matter.
 
 See, e.g., In re Tully,
 
 818 F.2d 106, 110 (1st Cir.1987). Here, the undisputed facts conclusively demonstrate the omission of certain assets from the schedules, but, beyond that, the facts are consistent either with an inference of deliberateness or an inference of carelessness. In other words, the undisputed facts require a choice between competing inferences, and, since both inferences are plausible, the choice cannot be made under the banner of summary judgment.
 

 c.
 

 Related, Points
 

 Before taking our leave, let us make two other points transparently clear. First, we do not hold that issues involving a party’s state of mind can never be resolved at the summary judgment stage. The opposite can be true.
 
 See, e.g., Medina-Munoz v. R.J. Reynolds Tobacco Co.,
 
 896 F.2d 5, 8 (1st Cir.1990) (explaining that “[e]ven in eases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation”);
 
 accord LeBlanc v. Great American Ins. Co.,
 
 6 F.3d 836, 841-42 (1st Cir.1993),
 
 cert. denied,
 
 — U.S. -, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994);
 
 Local 48 v. United Bhd. of Carpenters & Joiners,
 
 920 F.2d 1047, 1051 (1st Cir.1990). But courts must be exceptionally cautious in granting
 
 brevis
 
 disposition in such cases,
 
 see Stepanischen v. Merchants Despatch Transp. Corp.,
 
 722 F.2d 922, 928 (1st Cir.1983), especially where, as here, the movant bears the devoir of persuasion as to the nonmovant’s state of mind.
 
 [3]
 

 Second, we acknowledge that, in certain cases, circumstantial evidence may be sufficiently potent to establish fraudulent intent beyond hope of contradiction.
 
 See Putnam Resources v. Pateman,
 
 958 F.2d 448, 459 (1st Cir.1992) (“It is black letter law that fraud may be established by inference from circumstantial facts.”);
 
 In re Roco Corp.,
 
 701 F.2d 978, 984-85 (1st Cir.1983) (affirming a finding of fraudulent intent on the basis of circumstantial evidence). But this is not such a case. The omitted assets are of relatively small value, especially when compared to the overall debt, and, consequently, the debtors had far more to lose than to gain by playing fast and loose with the schedules. Moreover, the debtors rectified the omissions as soon as the creditors’ questioning brought them to light. While we do not doubt that a factfinder lawfully might draw an inference of fraud from the totality of the circumstances, we simply do not believe that this
 
 *765
 
 evidence
 
 compels
 
 such an illation.
 
 [4]
 
 Therefore, summary judgment should not have been granted.
 

 III.
 

 Conclusion
 

 We need go no further. On this insufficiently developed record, the bankruptcy court erred in awarding summary judgment in the trustee’s favor, and the district court erred in affirming the bankruptcy court’s incorrect order. Hence, we vacate the judgment below, and remand the cause to the district court with instructions that it vacate the bankruptcy court’s order and remand the matter to that court for further proceedings. We initiate no view as to whether the debtors are or are not entitled to a discharge.
 
 [5]
 

 Vacated and remanded.
 

 [1]
 

 . As to issues on which the nonmovant has the burden of proof, the movant, need do no more than aver "an absence of evidence to support the nonmoving party’s case.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both "genuine” and "material.”
 
 See Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986);
 
 Garside,
 
 895 F.2d at 48-49.
 

 [2]
 

 . In actuality, the bankruptcy court made no findings of fact; instead, it granted summary judgment.
 

 [3]
 

 . We contrast this situation with situations like
 
 Medina-Munoz,
 
 in which the nonmovant bears the burden of proving the movant's state of mind. In the later situation, the movant typically denies the existence of the necessary motive or state of mind, shifting the burden to the nonmovant to adduce some contrary evidence in order to avoid the swing of the summary judgment ax.
 
 See supra
 
 note 1.
 

 [4]
 

 . Indeed, the district court tacitly recognized as much, saying only that the bankruptcy court’s "findings” were not "clearly erroneous.”
 

 [5]
 

 . We do not reach, and, therefore, need not address in any detail, the debtors' belated attempt to lay the blame for their incomplete schedules on the doorstep of their former attorney. We remind their present counsel, however, that "evidentiary matters not first presented to the district court are, as the greenest of counsel should know, not properly before [the court of appeals].”
 
 United States v. Kobrosky,
 
 711 F.2d 449, 457 (1st Cir.1983).