In re David F. LaROCHE, Debtor.

Stewart F. GROSSMAN,
Chapter 7 Trustee,

v.

ROCK REALTY, INC., and
David F. LaRoche.

Bankruptcy No. 91–10005.
Adv. No. 95–1002.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 29, 1996.

Melvin S. Hoffman, Looney & Grossman, Boston, MA, John M. Marks, Providence, RI, for Plaintiff.

Barry Kusinitz, Corrente, Brill & Kusinitz, Providence, RI, for Defendant, Rock Realty, Inc.

Mal Salvadore, Providence, RI, for Defendant, David LaRoche.

### ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 19, 1995, on cross motions for summary judgment. The Trustee alleges that 100,000 shares of Great Bay Bankshares stock and 16,445 shares of Cheshire Financial Company stock that were transferred to the Debtor, post-petition, from the Debtor's "employer," NECO Enterprises, are property of the estate and should be turned over to the Trustee, along with any profits derived therefrom. The Defendants argue that the stock was given to the Debtor by his employer as compensation for post-petition services, and therefore is not property of the estate, under the provisions of 11 U.S.C. § 541(a)(6).[1] The Trustee disputes the truth and accuracy of this allegation.

In resolving this dispute we are required to use the following guidelines.

[S]ummary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). As to issues on which the movant, at trial, would be obligated to carry the burden of proof, he initially must proffer materials of evidentiary or quasi-evidentiary quality ... that support his position.... When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant.... This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record.

*Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir.1994) (citations omitted) (footnote omitted). Although the parties, by agreement, seem to have submitted the resolution of this dispute on the pleadings, we nevertheless find that the matter is not ripe for summary judgment. The First Circuit has stated that:

"[u]ndisputed facts do not always point unerringly to a single, inevitable conclusion. And when facts, though undisputed, are capable of supporting conflicting yet plausible inferences—inferences that are capable of leading a rational factfinder to different outcomes in a litigated matter depending on which of them the factfinder draws—then the choice between those inferences is not for the court on summary judgment."

*Id.* at 764. To dispose of this controversy on summary judgment, the Court would be required to choose between conflicting factual positions[2] that would require different results. Accordingly, the cross motions for summary judgment are DENIED, and in accordance with the Orders entered March 24, 1995, May 10, 1995, and February 6, 1996, the adversary proceeding should be forwarded to the District Court, for a jury trial on the merits.

---

1. This Section states that property of the estate includes "[p]roceeds, product, offspring, rents or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6).

2. The Trustee does not agree that the consideration for the transfer of the stock was the post-petition services performed by the Debtor for NECO Enterprises. We understand this to be a hotly contested factual issue, which makes the parties' submission incomprehensible, and which renders summary judgment inappropriate.