Noel Hiram Crespo CAJIGAS
and Marianne Manzanet
Girona, Debtors.

Candel Coop, Plaintiff–Appellee,

v.

Noel Hiram Crespo Cajigas and
Marianne Manzanet Girona,
Defendants–Appellants.

BAP No. PR 13–040.
Bankruptcy No. 10–08231–ESL.
Adversary No. 10–00200–ESL.

United States Bankruptcy Appellate Panel
of the First Circuit.

Filed July 30, 2014.

Cynthia Navarro Pagan, Esq., on brief, San Juan, PR, for Plaintiff–Appellee.

Ada M. Conde, Esq., on brief, San Juan, PR, for Defendants–Appellants.

Before HILLMAN, HOFFMAN, and FINKLE, United States Bankruptcy Appellate Panel Judges.

FINKLE, Bankruptcy Judge.

Noel Hiram Crespo Cajigas ("Cajigas") and Marianne Manzanet Girona ("Girona") (collectively the "Debtors") appeal from an order granting summary judgment (the "Order") in favor of creditor Candel Coop

("Candel"),[1] a Puerto Rico credit union.[2] The bankruptcy court determined that the Debtors' obligation to Candel was nondischargeable under § 523(a)(2)(A) and entered the Order in favor of Candel.[3] For the reasons discussed below, we **VACATE** the Order, and **REMAND** to the bankruptcy court.

## BACKGROUND

The Debtors filed a voluntary petition for chapter 7 relief in September 2010. Candel subsequently filed a single-count complaint under § 523(a)(2)(A) and (B), seeking a determination that its claim resulting from a $40,000.00 loan to the Debtors in December of 2009 was nondischargeable. In support, Candel alleged that to induce it to make the loan, the Debtors submitted as part of their loan application an employment verification for Girona which misrepresented that she earned $400.00 per week as a part-time restaurant employee. This income purportedly supplemented her earnings as a school teacher. According to Candel's complaint, during the Debtors' § 341 meeting of creditors, Girona indicated that she no longer worked at the restaurant, could not state how much she had earned, had not declared her restaurant earnings on her federal or local tax returns, and had no record of these earnings. Candel further alleged that it had "reason to believe" that Girona's restaurant employment "never existed." Accordingly, in its prayer for relief, Candel requested a determination that the Debtors' obligation (in an unspecified amount) was nondischargeable. In their answer, the Debtors denied the essential allegations of Candel's complaint and counterclaimed that Candel's allegations were defamatory.

On June 1, 2012, the Debtors filed a motion to dismiss the complaint, requesting not only the dismissal of the complaint but the imposition of sanctions against Candel for its failure to cooperate in discovery and its numerous delays in the case. Following a pretrial conference on the same date (at which Candel failed to appear), the bankruptcy court ordered Candel to show cause within 21 days why the case should not be dismissed for failure to prosecute. In its late response to the order, Candel attempted to justify the lack of activity in the case by citing various hardships.

On July 10, 2012, the Debtors filed a request for the entry of an order dismissing the adversary proceeding. Several months later, in October 2012, the Debtors filed a second request for the entry of an order of dismissal, reiterating their complaints concerning Candel's dilatory conduct. The next day, Candel filed an opposition to the Debtors' request for an order of dismissal, as well as a motion for summary judgment, together with supporting documents which included numerous untranslated exhibits.

---

1. As explained *infra*, by orders dated July 24, 2013, and July 31, 2013, the court adjudicated three motions. In the Debtors' notice of appeal, they address the disposition of only two of the motions—the motion for summary judgment and the motion to dismiss their counterclaim. As further explained *infra*, the Debtors waived the appeal of the dismissal of their counterclaim. Accordingly, it is only the grant of summary judgment that is the subject of this appeal and the remand to the bankruptcy court.

2. Candel Coop is also known as Cooperativa de Ahorro y Crédito La Candelaria.

3. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.

Although Candel did not specify in the summary judgment motion under which subsection of § 523 it was proceeding, in its statement of uncontested facts accompanying the motion Candel indicated that it was seeking summary judgment solely on the basis of § 523(a)(2)(A). Consistent with this representation, Candel devoted its memorandum of law exclusively to its § 523(a)(2)(A) argument, asserting that the Debtors knowingly misrepresented their income in the loan application despite their certification that the information set forth in the application was true and accurate. According to Candel, Girona earned $13,050.00 less in 2009 than the amount represented in the employment verification which the Debtors submitted with the loan application, $12,840.00 less in 2008, and $16,800.00 less in 2007. Candel maintained that had the Debtors accurately represented their income, they would not have qualified for the loan. Candel further contended that the Debtors omitted Girona's restaurant income from their 2007, 2008, and 2009 tax returns, and only amended those returns after the omission came to light during their § 341 meeting of creditors. Lastly, Candel asserted that the Debtors represented in their loan application that they lived together, while in her amended 2008 and 2009 tax returns, Girona indicated that they did not.

Following a hearing on October 22, 2012, the court entered an order denying the Debtors' motion to dismiss the complaint, but imposing sanctions against Candel for its lack of prosecution. The court also allowed Candel additional time to file translations of the exhibits to the summary judgment motion, and granted the Debtors forty-five days to oppose the motion.

The Debtors did not file a response to the motion for summary judgment by the court-ordered deadline. Therefore, on January 8, 2013, the bankruptcy court en-

tered another order, this time directing the Debtors to show cause why Candel's motion for summary judgment should not be granted in the absence of any opposition. The Debtors again failed to respond, and after several months, the court scheduled a status conference for May 3, 2013. On April 30, 2013, the Debtors filed a third request for the entry of a dismissal order, contending that Candel had failed to submit the required translations and had delayed the proceedings by requesting multiple continuances of the pretrial conference. At the status conference, the court directed Candel to file the translations within seven days and a motion to dismiss the Debtors' counterclaim within forty-five days.

Candel filed the translations, albeit late, followed by its June 10, 2013 motion to dismiss the Debtors' counterclaim, arguing that the "publication" requirement necessary to sustain a cause of action for defamation was lacking. Thereafter, Candel filed motions requesting the entry of orders granting its motion for summary judgment and its motion to dismiss the Debtors' counterclaim. The Debtors remained silent, failing to file any opposition to these motions or to request an extension of time to respond.

Consequently, on July 24, 2013, without a hearing, the bankruptcy court entered the Order:

There are three motions pending before this court: Defendants' motion to dismiss the complaint (dkt.# 57) alleging that plaintiff has not submitted the documents necessary to answer plaintiff's motion for summary judgment; plaintiff/counter defendant's motion to dismiss the counterclaim (dkt. # 62) on the grounds that the facts in the counterclaim and the applicable law do not support a claim for libel, slander or defamation; and plaintiff's motions (dkt. # s 47

and 63) for entry of summary judgment finding that its claim is not dischargeable under 11 U.S.C. § 523(a)(2)(A). After due consideration, the court rules as follows:

1. It appearing that the plaintiff has submitted the relevant documents requested by the defendants (See docket number 61), the defendants' motion to dismiss is hereby denied.

2. The plaintiff's motion for summary judgment pleads with particularity the facts and the applicable law to find that the debt is not dischargeable. The motion was filed on October 21, 2012. On January 8, 2013 the court entered an order to show cause to defendants as to why the unopposed motion should not be granted. The defendants replied stating that no opposition was filed because the plaintiff had not complied with discovery requests. At the hearing held on October 22, 2012 the court ordered the plaintiff to produce the documents (dkt. #51). The documents were produced and as of this date the defendants have not opposed the motion for summary judgment. In view of the foregoing, the motion for summary judgment is granted. Judgment will be entered findings [sic] that the debtors' debt to Candel Coop is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

3. The motion to dismiss the counterclaim was filed on June 10, 2013. Pursuant to the bench order entered at the hearing held on May 3, 2013 the defendants were directed to answer the motion to dismiss within 14 days after it was filed. As of this date the motion to dismiss the counterclaim has not been answered. In addition, the court agrees with the exposition and rationale in the motion to dismiss and adopts the same. Therefore, the motion to dismiss the counterclaim is hereby granted. Judgment will be entered in favor of counter defendant dismissing the counterclaim.

On July 31, 2013, the bankruptcy court entered a judgment granting the motion for summary judgment and dismissing the Debtors' counterclaim. The Debtors filed this appeal on August 7, 2013.

## POSITIONS OF THE PARTIES

In their brief, the Debtors identify the sole issue on appeal as whether the bankruptcy court erred in granting summary judgment on Candel's § 523(a)(2)(A) claim without a trial. Accordingly, the Debtors have waived any appeal of the dismissal of their counterclaim. *See Eakin v. Goffe, Inc. (In re 110 Beaver Street P'ship)*, 355 Fed.Appx. 432, 436–37 (1st Cir.2009). They concede they did not oppose Candel's motion for summary judgment but nonetheless, they insist, without citing any authority, they were entitled to a trial.

Candel counters that it satisfied all of the elements prescribed by *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), to establish a cause of action under § 523(a)(2)(A). Candel reiterates that the Debtors: (1) provided false information regarding their income in order to induce Candel to make the $40,000.00 loan; (2) omitted Girona's restaurant income from their tax returns for 2007 through 2009 and only amended the returns when the chapter 7 trustee discovered the omission during a creditors' meeting; and (3) misrepresented in their loan application and tax returns that they lived together. Candel maintains that the bankruptcy court properly entered summary judgment in its favor based upon the Debtors' failure to oppose the motion.

## JURISDICTION

A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised

by the litigants. *Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998) (citation and internal quotations omitted). A panel may hear appeals from "final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998) (internal quotations and footnote omitted). An order "granting summary judgment is a final order for purposes of appeal." *The Cadle Co. v. Andersen (In re Andersen)*, 476 B.R. 668, 671 (1st Cir. BAP 2012) (citing *Ellis v. Dunn (In re Dunn)*, 324 B.R. 175, 178 (D.Mass.2005)) (citation and internal quotations omitted). While an order dismissing a counterclaim is generally not final, *Thompson v. United States*, 250 F.2d 43 (4th Cir.1957), here the dismissal of the Debtors' counterclaim, together with the granting of summary judgment, effectively ended the litigation on the merits. Thus, the Panel has jurisdiction to hear this appeal.

### STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010). We review an order granting summary judgment *de novo*. *Siaca v. Olympic Mills Corp. (In re Olympic Mills Corp.)*, 477 F.3d 1, 14 (1st Cir.2007) (citing *Razzaboni v. Schifano (In re Schifano)*, 378 F.3d 60, 66 (1st Cir.2004)).

---

4. Fed.R.Civ.P. 56(a) provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

### DISCUSSION

## I. The Standards

### A. The Summary Judgment Standard

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 762 (1st Cir.1994). "By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure." *Id.; see also* Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56.[4] "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." *In re Varrasso*, 37 F.3d at 763 (citation omitted). "[E]ven if unopposed, a motion for summary judgment can only be granted if the record discloses the movant's entitlement to judgment as a matter of law." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 583 n. 6 (1st Cir.1994) (citing *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir.1990)); *see also Cordi–Allen v. Halloran*, 470 F.3d 25, 28 (1st Cir.2006) (noting that a district court is "bound to review the case on the merits based on the uncontroverted facts"); *Torres–Rosado v. Rotger–Sabat*, 335 F.3d 1, 8–9 (1st Cir. 2003) (same).

With regard to material fact issues, Fed. R.Civ.P. 56(e) provides:

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

---

the movant is entitled to judgment as a matter of law. The court should state on the record the reason for granting or denying the motion."

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting material—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed.R.Civ.P. 56(e); *see also Cordero–Soto v. Island Fin., Inc.,* 418 F.3d 114, 118 (1st Cir.2005) (stating "the district court in Puerto Rico is justified in holding one party's submitted uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules"). The unopposed party, however, will not necessarily win on summary judgment; "that party's uncontested facts and other evidentiary facts of record must still show that the party is entitled to summary judgment." *Torres–Rosado v. Rotger–Sabat,* 335 F.3d at 4.

**B. Nondischargeability Under § 523(a)(2)(A)**

■■■ Section 523(a) of the Bankruptcy Code lists certain categories of debts which may be excluded from discharge. *See* 11 U.S.C. § 523(a). Exceptions to discharge are narrowly construed in favor of the debtor in an effort to further the "fresh start" policy underlying the Bankruptcy Code. The creditor asserting an exception to discharge bears the burden to show that its claim falls "squarely" within an exception enumerated in § 523(a). *Sharfarz v. Goguen (In re Goguen),* 691 F.3d 62, 68 (1st Cir.2012) (internal quotations and citation omitted).

Section 523(a)(2)(A) specifically excepts from discharge debts obtained by "false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition.*" 11 U.S.C. § 523(a)(2)(A) (emphasis added). While § 523(a)(2)(A) specifically excludes misrepresentations regarding a debtor's financial condition, § "523(a)(2)(B) provides separately for such misrepresentations." [5] *Palmacci v. Umpierrez,* 121 F.3d 781, 789 (1st Cir. 1997) (footnote added); *see also Follo v. Morency (In re Morency),* Adv. Proc. No. 10–1133, 2013 WL 1342485, at *7 n. 8 (Bankr.D.Mass. Apr. 2, 2013), *aff'd, Follo v. Morency,* 507 B.R. 421 (D.Mass.2014) ("The exception to discharge under § 523(a)(2)(A) does not deal with deception by means of a statement relating to the debtor's or an insider's financial condition, which is the subject of section 523(a)(2)(B).") (internal quotations and citation omitted). Because Congress enacted the two subsections to address distinct factual situations, they are "mutually exclusive." *Douglas v. Kosinski (In re Kosinski),* 424 B.R. 599, 608 (1st Cir. BAP 2010) (citations omitted); *accord Palmacci v. Umpierrez,* 121 F.3d at 789 ("§ 523(a)(2)(A) specifically excludes misrepresentations regarding a debtor's financial condition"); *McCrary v. Barrack (In re Barrack),* 217 B.R. 598, 605 (9th Cir. BAP 1998) ("allegations of fraudulent misrepresentation concerning Debtor's fi-

---

**5.** Section 523(a)(2)(B) provides:
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—...
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive.
11 U.S.C. § 523(a)(2)(B).

nancial condition may only be pled under the specific statute, § 523(a)(2)(B)"); *Lamar, Archer & Cofrin, LLP v. Appling (In re Appling)*, 500 B.R. 246, 250 (Bankr.M.D.Ga.2013) ("All statements regarding a debtor's financial condition, whether written or oral, are expressly excluded from subsection (A)" and creditor therefore must proceed under subsection (B)).

## II. The Standards Applied

Although Candel commenced its adversary proceeding under both § 523(a)(2)(A) and (B), it inexplicably opted to pursue summary judgment only on the basis of § 523(a)(2)(A). Its supporting allegations are that the Debtors: (1) overstated Girona's income in the employment verification accompanying their loan application; and (2) misstated their income in their original tax returns for the years 2007, 2008, and 2009. Because § 523(a)(2)(A) excepts from its scope statements "respecting the debtor's ... financial condition," our analysis necessarily begins with a determination of whether Girona's employment verification and the Debtors' tax returns qualify as such statements. *See* 11 U.S.C. § 523(a)(2)(A).

The phrase, "statement respecting the debtor's ... financial condition," is not defined in the Code. Courts disagree "whether to interpret the phrase broadly to include any statement that has a bearing on the financial position of the debtor or an insider, or narrowly so as to include only statements providing information as to a debtor's net worth, overall financial health, or an equation of assets and liabilities." *Kosinski*, 424 B.R. at 608–609 (footnotes and citations omitted). While the First Circuit and this Panel have not adopted either the broad or narrow approach, a Massachusetts bankruptcy court noted, "[w]hat is important is not the formality of the statement, but the information contained within it—information as to the debtor's or insider's overall net worth or overall income flow." *In re Morency*, 2013 WL 1342485, at *8.

Within this framework, bankruptcy courts in the First Circuit generally agree that a debtor's "loan application, including the supporting documents," qualifies as a "statement[s] respecting the debtor's ... financial condition" within the meaning of § 523(a)(2)(A). *Middlesex Sav. Bank v. Flaherty (In re Flaherty)*, 335 B.R. 481, 491 (Bankr.D.Mass.2005); *see also Banknorth, N.A. v. Sanders (In re Cassar)*, 325 B.R. 62, 64 (Bankr.D.N.H.2005); *Martha's Vineyard Coop. Bank v. Andrews (In re Andrews)*, 33 B.R. 970, 972 (Bankr. D.Mass.1983). Under this analysis, the New Hampshire bankruptcy court readily denied a bank's request for a determination of nondischargeability under § 523(a)(2)(A), where the false representation in question was the debtor's failure to include a certain tax liability in her loan application form. *In re Cassar*, 325 B.R. at 64. That court reasoned:

> The loan application required the Defendant to disclose, in writing, both her business and personal financial obligations. It is, in essence, a financial statement of the Defendant. Section 523(a)(2)(A) excepts from its scope "a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The loan application is clearly within this exception. Count II [under § 523(a)(2)(A) ] is denied.

*Id.*

Additionally, one district court within this circuit recently held that tax returns are "certainly" statements regarding a debtor's financial condition. *Follo v. Morency*, 507 B.R. at 430 (citing *Morgan Keegan & Co. v. Swan (In re Swan)*, 499 B.R. 118, 124 (Bankr.D.Mass.2013)); *see also*

*Fairfax State Sav. Bank v. McCleary (In re McCleary)*, 284 B.R. 876, 884 (Bankr. N.D.Iowa 2002).

■ It follows that Girona's employment verification submitted with the Debtors' loan application qualifies as a statement respecting the Debtors' financial condition which is expressly excluded from coverage under § 523(a)(2)(A). The same is true of Girona's tax returns. Thus, notwithstanding the uncontroverted falsity of these documents, § 523(a)(2)(A) does not apply.[6] Mindful that exceptions to discharge are to be narrowly construed, and despite the lack of opposition by the Debtors, we conclude that the bankruptcy court incorrectly determined that Candel was entitled to judgment as a matter of law pursuant to § 523(a)(2)(A). *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d at 583 n. 6 (citation omitted). Even in the absence of the Debtors' opposition, the bankruptcy court was still bound to review the merits of the motion for summary judgment based on the uncontroverted facts before it. *Cordi–Allen v. Halloran*, 470 F.3d at 28 (citing Fed.R.Civ.P. 56(e)); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 102 (1st Cir.2003).

In view of the grounds upon which we vacate and remand this matter, we briefly address the Debtors' sole argument raised on appeal: that the bankruptcy court erred in granting the summary judgment motion without a trial. Quite simply, the Debtors misapprehend the purpose and mechanics of summary judgment. The First Circuit succinctly explained its purpose, stating:

> Summary judgment is an accepted "means of determining whether a trial is actually required." *Serapión v. Martinez*, 119 F.3d 982, 987 (1st Cir.1997);

see also *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 793–94 (1st Cir. 1992) ("[S]ummary judgment's role is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."). Unless the party opposing a motion for summary judgment can identify a genuine issue as to a material fact, the motion may end the case. *See* Fed. R.Civ.P. 56(c); *Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 428 (1st Cir.1996). A "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences," could resolve it in favor of the nonmoving party. *Id.* at 427; *see also Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.1995).

*Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999).

To defeat Candel's motion for summary judgment, the Debtors were "required to produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trial worthy issue." *Id.* (internal quotations and citation omitted). The Debtors failed to sustain this burden, and the bankruptcy court was justified in deciding the motion without a trial. However, as we have determined, its error was in concluding that as a matter of law Candel's nondischargeability claim fell within the ambit of § 523(a)(2)(A).

### CONCLUSION

For the foregoing reasons, we **VACATE** and **REMAND** the Order to the bankruptcy court for further proceedings consistent with this opinion.

---

6. Because we conclude that the loan application is not within § 523(a)(2)(A)'s scope, we need not dwell on Candel's allegation that Girona misrepresented in the loan application that she and Cajigas were living together.